[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

No. 10-11888
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cv-00162-SPM-AK

KATHLEEN NEW,

Plaintiff-Appellant,

versus

SADIE DARNELL,
In Her Official Capacity as
Sheriff of Alachua County Florida,

Defendant-Appellee,

DIVISION OF RISK MANAGEMENT,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 19, 2011)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Kathleen New filed a lawsuit against Sadie Darnell, the Sheriff of Alachua County, Florida. New alleged gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), and the Florida Civil Rights Act of 1992. After a five-day trial, the jury rendered a verdict in favor of Sheriff Darnell. New appeals the district court's judgment denying her motion for a new trial or for an evidentiary hearing based on juror misconduct.

I.

New contends that she is entitled to a new trial, or at least an evidentiary hearing, because juror James Hope was deceptive and dishonest during voir dire. New asserts that she would have had a valid basis for challenging Hope for cause if he had given "truthful" answers. New bases that assertion on three questions that the district court asked during voir dire and Hope's answers (or the lack of them) to those questions.

The first question at issue was: "Have you or any member of your immediate family ever participated in a lawsuit as a party or in any other capacity?" Hope did not respond. The second one was: "Have you ever had firing or hiring authority in a job or authority to make policies for an agency or a

2

company?" There was a follow-up to the second question: "In that capacity . . . ha[ve] any of your employees ever made a claim against you because of a hiring or a firing or a promotional decision?" Hope answered as follows: "My name is Jaime Hope. I currently work for Gainesville Regional Utilities as a division head with wastewater treatment and I'm responsible for the hiring and discipline and firing of employees. The final question, though, no one has made a claim based on this." The third question was: "Have any of you played a role in any investigation of a harassment or discrimination type case?" Hope did not respond.

New later learned that in 2007 Kevin Louder, a Gainesville Regional Utilities employee whom Hope had supervised, had filed a charge with the Equal Employment Opportunity Commission alleging that his employer had discriminated against him based on his race. Louder, who is African American, had asserted that he was assigned different tasks from those assigned to white co-workers and that he was denied promotions. Louder's EEOC charge alleged this about Hope: "Every time I complete a task, I have to call my supervisors (Luther & Jaime [Hope])." That is the only specific allegation in the charge concerning Hope. In a supplement to her motion for a new trial, New submitted a copy of the "Charge of Discrimination" form that Louder had filed with the EEOC. She later filed with the district court a copy of the EEOC's "Letter of Determination,"

3

issued on behalf of Louder and addressed to the City of Gainesville.  The letter

invited "the parties to join with it in reaching a just resolution of th[e] matter," and

it included a "Conciliation Proposal."  The letter was not addressed to Hope, and

he was not mentioned by name in it.  New submitted no evidence showing that

Louder had filed a lawsuit.  In response to New's supplement to her motion for a

new trial, Sheriff Darnell argued that there was no evidence that a discrimination

claim was ever filed against Hope.  Darnell asserted that New had failed to

establish that Hope had been dishonest in his answers to the court's questions

during voir dire.

In denying New's motion for a new trial or for an evidentiary hearing based

on juror misconduct, the district court found that Louder had not directed his

discrimination charge against Hope and had simply identified Hope as one of his

two supervisors.  The court reasoned, "Merely recognizing Hope in his

employment capacity does not support [New's] claim of misconduct; Hope himself

made [New] aware of his management position at [Gainesville Regional

Utilities]."  The court also found that even if Hope had played a role in the

investigation of Louder's EEOC charge, New had failed to establish actual bias.  It

determined that Louder's EEOC charge of racial discrimination against Gainsville

Regional Utilities was not so closely connected to the present case that the court

4

should presume bias.

II.

We review for abuse of discretion a district court's denial of a motion for a new trial based on alleged juror misconduct.  United States v. Venske, 296 F.3d 1284, 1290 (11th Cir. 2002).  To obtain a new trial based on inaccurate juror responses during voir dire, the moving party first must demonstrate that a juror dishonestly answered a material question and then must show that a correct response would have provided a valid basis for a challenge for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 850 (1984).  The first part of the McDonough test requires the court to determine whether the juror knew that he gave false answers.  BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1473 (11th Cir. 1992).  If a juror has given a mistaken but honest response to a question, a new trial is not required. See McDonough, 464 U.S. at 555, 104 S.Ct. at 849–50.  The second part of the McDonough test requires proof of actual bias.  BankAtlantic, 955 F.2d at 1473. Actual bias may be shown either by express admission or by specific facts showing such a close connection to the circumstances at hand that bias must be presumed.  Id.

New failed to satisfy either part of the McDonough test.  She did not meet

5

the first <u>McDonough</u> requirement because, as the district court recognized, New did not show that Hope deliberately gave false answers to the court's questions on <u>voir</u> <u>dire</u>. New presented evidence that Louder had filed a charge with the EEOC, naming Gainsville Regional Utilities as the employer he believed had discriminated against him based on his race. The charge merely mentioned Hope as Louder's supervisor. Hope disclosed during <u>voir</u> <u>dire</u> that he was a "division head" for Gainesville Regional Utilities and that he was "responsible for the hiring and discipline and firing of employees." Hope could have reasonably concluded that he was not covered by the other questions. Based on the record—and in particular the absence of any evidence that Louder had filed a lawsuit—the district court could have reasonably concluded that Hope's answers were true or that any failure to disclose additional information was inadvertent. New provided no evidence showing that Hope knew his answers were false. <u>Cf.</u> <u>Jackson v. Ala. State Tenure Comm'n</u>, 405 F.3d 1276, 1289 (11th Cir. 2005) ("The court asked about convictions for crimes punishable by imprisonment for more than one year. Having spent three years in prison for murder, there is no reasonable possibility that this juror could have honestly doubted that she was covered by the question.").

New did not meet the second <u>McDonough</u> requirement because there is no

6

allegation that Hope expressly admitted to being biased, and New failed to present specific facts showing such a close connection to the litigation at hand that Hope's bias must be presumed. New did not show that Hope was aware of or that he participated in any administrative investigation following Louder's EEOC charge of discrimination. Even if Hope had been aware of an investigation, Louder's charge against Gainesville Regional Utilities involved allegations of racial discrimination while New's claims against Darnell involved allegations of gender discrimination. There is not such a close connection between the two forms of discrimination that, taking into account Hope's uncertain role in the alleged discrimination, bias must be presumed. See BankAtlantic, 955 F.2d at 1473; see also United States v. Tutt, 704 F.2d 1567, 1569 (11th Cir.1983) (holding that a party moving for a new trial based on nondisclosure by juror during voir dire "is required to demonstrate an actual, identifiable prejudice on the part of the juror."). The district court did not abuse its discretion by refusing to grant New a new trial based on juror misconduct.

III.

New also argues that the district court should have conducted an evidentiary hearing because she presented extrinsic evidence showing juror misconduct. She contends that the allegations in her supplemental motion for a new trial, along

with the EEOC charge and the EEOC letter of determination that she filed with the court, showed that misconduct had occurred. Relying on United States v. Carpa, 271 F.3d 962 (11th Cir. 2001), she argues that the district court should have questioned Hope in camera and should have permitted cross-examination by counsel.

We review for abuse of discretion the district court's refusal to hold an evidentiary hearing to inquire about allegations of juror misconduct. United States v. Venske, 296 F.3d 1284, 1290 (11th Cir. 2002). The district court has "substantial discretion in choosing the investigative procedure to be used in checking for juror misconduct." United States v. Register, 182 F.3d 820, 840 (11th Cir. 1999). "To justify a post-trial hearing involving the trial's jurors," a moving party "must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred." United States v. Cuthel, 903 F.2d 1381, 1383 (11th Cir. 1990) (quotation marks and alteration omitted).

Because New relies on speculative allegations of misconduct, the district court did not abuse its discretion by choosing not to hold an evidentiary hearing to investigate her allegations. New did not show that Hope was the subject of Louder's EEOC charge or that Hope purposefully concealed any information

about an EEOC investigation. Under the specific facts of the <u>Carpa</u> case we held that a proper investigation should include questioning by the court and cross-examination by counsel, if feasible, but <u>Carpa</u> did not hold that those procedures were mandated or even expected in every case involving allegations of juror misconduct. <u>See</u> <u>Carpa</u>, 271 F.3d at 968. The district court did not abuse its discretion by deciding that an evidentiary hearing was unnecessary in the present case.

**AFFIRMED.**